UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SALLY G.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-02339-SEB-MJD |
| | ) |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, Social Security Administration,[2] | ) ) |
| | ) |
| Defendant. | ) |

# ORDER OVERRULING DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ADOPTING THE RECOMMENDATION AND ENTERING A REMAND TO THE SOCIAL SECURITY ADMINISTRATION

Plaintiff Sally G. ("Sally") appeals the final decision of the Deputy Commissioner for Operations ("Deputy Commissioner") of the Social Security Administration ("SSA") denying her July 18, 2014, applications for disability insurance benefits ("DIB") and/or supplemental security income ("SSI"). R. (Dkt. 13) at 30. The applications were initially denied on September 19, 2014, R. at 128, 132, and upon reconsideration on November 3,

---

[1] In an attempt to protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] On March 6, 2018, the President was notified that, effective November 17, 2017, Nancy A. Berryhill could no longer serve as the Acting Commissioner of the Social Security Administration pursuant to the Federal Vacancies Reform Act of 1998. Government Accountability Office, https://www.gao.gov/products/D18772#mt=e-report (last visited Aug. 13, 2018). The case caption has been updated to reflect the Deputy Commissioner's current title.

2014, R. at 146, 153.  The administrative law judge ("ALJ") conducted a hearing on May 6, 2016, R. at 52–89, resulting in a decision on May 31, 2016, that Sally was not disabled and thus not entitled to receive DIB or SSI.  R. at 27.  The Appeals Council denied review on May 11, 2017, and the Deputy Commissioner's decision became final.  R. at 6.  On July 10, 2017, Sally timely filed this civil action seeking judicial review of that the decision pursuant to 42 U.S.C. § 405(g).  Dkt. 1.  Following completion of briefing by the parties, the Court referred this matter to Magistrate Judge Dinsmore, Dkt. 15, who submitted his Report and Recommendation on June 28, 2018, recommending that the decision of the Deputy Commissioner be remanded, Dkt. 24.  The cause is now before the Court on the Deputy Commissioner's timely filed Objection to the Magistrate Judge's Report and Recommendation.  Dkt. 25; 28 U.S.C § 636(b)(1)(B).

For the reasons outlined below, we overrule the objection in part to the Report and Recommendation, reverse the Deputy Commissioner's decision and remand this for action consistent with this order.

## **Background[3]**

Sally was 59 years of age when she applied for benefits and was 61 at the time of the hearing.  R. at 204.

---

[3] The relevant evidence of record is amply set forth in the parties' briefs as well as the ALJ's decision and need not be repeated here.  Specific facts relevant to the Court's disposition of this case are discussed below.

The ALJ followed the five-step sequential evaluation set forth by the SSA, *see* 20 C.F.R. § 404.1520(a)(4)(i) to (v),[4] in concluding that Sally was not disabled. Specifically, the ALJ found as follows:

- At Step One, Sally had not engaged in substantial gainful activity[5] since June 30, 2013, the alleged disability onset date.[6]  R. at 32.

- At Step Two, she had the following severe impairments: "mild degenerative disc disease of the cervical and lumbar spine."  R. at 33 (citation omitted).

- At Step Three, she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  R. at 35.

- After Step Three but before Step Four, Sally had the residual functional capacity ("RFC") "to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  She can lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently.  With appropriate breaks in the morning, at lunch and in the afternoon, she can sit for a total of six hours in an eight-hour workday.  She can stand and/or walk for a total of six hours in an eight-hour workday.  She cannot climb ladders, ropes, or scaffolds, but occasionally can climb ramps and stairs.  She cannot crawl, but occasionally can balance, stoop, crouch, and kneel.  She cannot tolerate concentrated exposure to industrial vibrations.  She cannot tolerate

---

[4] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case.  For the sake of simplicity, this Order generally contains citations to DIB sections only.

[5] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized).  20 C.F.R. § 404.1572(a).

[6] In a prehearing brief, Sally's representative noted that she had given June 30, 2013, as her alleged onset date in her application, but that "the correct date is May 30, 2012, when she was forced to quit her job at TJ Max."  R. at 318.  During the hearing, Sally's representative again mentioned that he thought the onset date was wrong, but indicated "I don't think it would make any difference to her[,] Judge[,] if the onset date was 2012 or '13, because I think the date of application was farther away."  R. at 84 (referring to entitlement rules that would preclude actual compensation for benefits in any month more than twelve months prior to the application date for benefits.  *See* 42 U.S.C. § 423(b)).  To the extent that no formal motion was made to amend the onset date, we will refer to the original date as the alleged onset date.  However, we decline to indulge any presumptions about Sally's allegations of disability during the relevant period based on representations that she may have been as functionally limited back to the 2012 separation date from gainful employment.

3

any exposure to unprotected heights. She cannot work on wet, slippery, or uneven surfaces." R. at 36–37.

- At Step Four, relying on the testimony of the vocational expert ("VE") and considering Sally's RFC, she was capable of performing her past relevant work as a price marker, rental car clerk, and retail cashier. R. at 42.

## Standard of Review

"A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). After a Magistrate Judge makes a Report and Recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" with respect to dispositive motions. 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Upon review of the Deputy Commissioner's decision,

> [w]e will uphold [it] if it applies the correct legal standard and is supported by substantial evidence. *Castile v. Astrue,* 617 F.3d 923, 926 (7th Cir. 2010). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). A decision denying benefits need not discuss every piece of evidence, but if it lacks an adequate

4

discussion of the issues, it will be remanded. *Villano v. Astrue,* 556 F.3d 558, 562 (7th Cir. 2009). Our review is limited to the reasons articulated by the ALJ in her decision. *Larson v. Astrue,* 615 F.3d 744, 749 (7th Cir. 2010).

*Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). In determining whether the decision was properly supported, we neither reweigh the evidence nor assess the credibility of witness, nor substitute our judgment for the Deputy Commissioner's. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

The Magistrate Judge took issue with five aspects of the Deputy Commissioner's final decision, concluding that the ALJ: (1) failed to consider Sally's non-severe depression in the RFC finding, Dkt. 24 at 5–6, (2) failed to consider Sally's medically determinable severe and non-severe impairments, *Id.* at 6–7, (3) abused her discretion by incorporating only portions of the 2009 opinion of Sally's chiropractor, *Id.* at 7–9, (4) erred in determining the weight given a 2016 opinion and RFC assessment of Sally's chiropractor, *Id.* at 9, and (5) erred by failing to explore Sally's reasons for a perceived lack of treatment, *Id.* at 12. The Deputy Commissioner objects to each of these conclusions. Dkt. 25.

After careful review, we overrule the objection of the Deputy Commissioner to one of the Magistrate Judge's conclusions, namely, number (4) above, finding that the ALJ did not properly evaluate the 2016 functional assessment by Sally's chiropractor and that remand is required on that basis for additional proceedings. This conclusion by the Magistrate Judge correctly reflects the facts and the law applicable to Sally's claim, which we adopt here in full. Finding that this basis for remand is by itself dispositive, we

5

decline to address the other objections raised by the Deputy Commissioner, though we recommend that the Deputy Commissioner include it its remanded review of the case the other errors assigned but specifically unaddressed by us here.

## Analysis

The record thoroughly reviewed by the Magistrate Judge discloses that on April 21, 2016, Bruce Campbell, D.C., completed an RFC questionnaire, noting his twenty-six year familiarity with Sally's medical condition, in particular her lower back pain, having been her treating chiropractor throughout that time. He opined that based on his examinations, she could sit, stand, and walk each less than two hours total in eight-hour workday, would need to be able to shift positions at will and take unscheduled breaks every ten to fifteen minutes throughout the day, would need to elevate her legs fifty percent of the time she was sedentary, could occasionally lift and carry ten pounds in a competitive work situation, and could use her hands, fingers, and arms only ten percent of a work-day for repetitive activities. R. at 506–10. Dr. Campbell also noted that Sally was able to perform only minimal, part time work. R. at 510.

The Magistrate Judge noted that the ALJ in citing evidence in the record that was contrary to the opinion had assigned to Dr. Campbell's opinion "little weight." Dkt. 24 at 9. The Magistrate Judge noted that one of the ALJ's stated reasons for discounting Dr. Campbell's opinion was Sally's ongoing work as a dog and house sitter which, according to the ALJ, required Sally to "walk for extended periods." This assertion does not appear to be supported by evidence at the hearing, including Sally's testimony which did not specify the duration she spent walking. *Id*. The Magistrate Judge explained:

6

> In fact, [Sally's] work as a dog and house sitter did not require her to walk for extended periods; she stated that when she is dog sitting, '[o]n average, I'm sitting there with [the dogs.' The ALJ's determination that [Sally] walked for extended periods does not appear to be supported by any other evidence in the record. Because the determination of the weight to be given Dr. Campbell's opinion rested in part on [this] unsupported basis, the ALJ on remand should reweigh Dr. Campbell's opinion.

*Id*. (quoting R. at 69).

The Deputy Commissioner objects to the Magistrate Judge's recommendation that Dr. Campbell's 2016 opinion be reconsidered by the ALJ. While addressing another objection involving a prior opinion of Dr. Campbell's, the Deputy Commissioner asserts that there is "no authority requiring the ALJ to discuss in particular depth opinions from non-medical experts like chiropractor Mr. Campbell. And none exists. As the defendant's brief explained, the ALJ owed limited discussion and no deference to Mr. Campbell's opinion." Dkt. 25 at 3–4. The Deputy Commissioner faults the Magistrate Judge's reliance on what she views as a minor discrepancy between the ALJ's conclusion that Sally's work as a dog sitter involved walking for extended periods and Sally's actual testimony. If permitted as a basis for remand, she argues, this approach "would impose on the agency an almost insurmountable burden. Virtually every claimant will qualify the extent to which she engages in activities that indicate adequate functioning." *Id*. at 4. The Deputy Commissioner also suggests that the Magistrate Judge set "aside the other valid reasons the ALJ provided for doubting the accuracy of Mr. Campbell's" opinion. *Id*.

According to the SSA's regulations, a chiropractor is not included as an "acceptable medical source." 20 C.F.R. § 404.1502. The SSA distinguishes statements

based on whether they were offered by an acceptable medical source. *See* Social Security Ruling ("SSR") 06-03p (S.S.A. Aug. 9, 2006), 2006 WL 2329939 at *2. For example, with claims filed before March 27, 2017, only acceptable medical sources can provide "medical opinions" deserving of "controlling weight" or establish medically determinable impairments. *See* 20 C.F.R. § 404.1527(a)–(c); *see also* SSR 06-03p.

However, statements from sources that do not qualify as acceptable medical sources cannot simply be disregarded by the ALJ. SSR 06-03p discusses statements from medical sources, for example a "chiropractor," observing that "information from such 'other sources' may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 WL 2329939 at *2. "Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." *Id*. at *3. "Although the factors in 20 CFR 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of medical opinions from 'acceptable medical sources,' these same factors can be applied to opinion evidence from 'other sources.'" *Id*. at *4.

In the matter before us here, those factors include: (1) "[h]ow long the source has known and how frequently the source has seen the individual," (2) "[h]ow consistent the opinion is with other evidence," (3) the "degree to which the source presents relevant evidence to support an opinion," and (4) "[w]hether the source has a specialty or area of

8

expertise related to the individual's impairment(s)." *Id*. The ruling specifically directs what an ALJ must include in her written decision:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

*Id*. at 6. It is also axiomatic that an ALJ is required "build an accurate and logical bridge from the evidence to [the] conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000); *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "The ALJ must confront the evidence that does not support [her] conclusion and explain why that evidence was rejected." *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) (citing *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004)).

Though the Magistrate Judge clearly did not specifically address all the ALJ's reasons relied upon by her in explaining the weight she assigned to Dr. Campbell's 2016 opinion, the apparent discrepancy between Sally's testimony and the ALJ's misconstruance of it regarding her work as a dog sitter is a material error because it disrupts the otherwise logical bridge leading to her conclusion that Dr. Campbell's opinion was deserving of little weight. We also agree with Sally's assertions in her original brief which were clearly credited by the Magistrate Judge as well that the ALJ: (1) did not adequately explain the basis for her conclusion that Dr. Campbell based his opinion more heavily on Sally's subjective complaints, (2) improperly relied on a single statement and a single examination to contradict an opinion based on a significant

9

treatment relationship, and (3) did not discuss the factors noted above that would predominantly, if not overwhelmingly support deference to Dr. Campbell's opinion. Dkt. 18 at 27–29.

The ALJ found that Sally's work as a dog sitter and ability to drive undermined the limitations assessed by Dr. Campbell. The Deputy Commissioner's argument in defense of that finding by the ALJ is contrary to Seventh Circuit precedent which consistently directs ALJ's to recognize any important differences between daily activities of living performed with qualifications and the demands of full-time competitive work. *See Clifford*, 227 F.3d at 872; *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *Gentle v. Barnhart*, 430 F.3d 865, 867–68 (7th Cir. 2005). Lacking a logical bridge between the evidence cited by the ALJ and her conclusion that Dr. Campbell's 2016 opinion was deserving of only limited weight, requires a remand for further consideration, just as the Magistrate Judge determined in his Report and Recommendation.

### **Conclusion and Order**

For the reasons explained above:

The Deputy Commissioner's objections (Dkt. 25) are OVERRULED IN PART.

The Report and Recommendation (Dkt. 24) is ADOPTED IN PART.

The Deputy Commissioner's decision is REVERSED.

The case is REMANDED to the Deputy Commissioner for proceedings consistent with this order.

Final judgment shall issue by separate document. Fed. R. Civ. P. 58(a).

IT IS SO ORDERED.

Date: 9/28/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jennifer Michelle Hess
PETIT & HESS
jen.hess@hhdlegal.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kathryn.olivier@usdoj.gov

Eric Harris Schepard
SOCIAL SECURITY ADMINISTRATION
eric.schepard@ssa.gov